## GARY v. McCOWN.

1. A sheriff who takes insufficient security upon a forth-coming bond, cannot be proceeded against by motion, but the party aggrieved thereby must seek redress, by action at common law.

ERROR to the Circuit Court of Sumter.

This was a suggestion by the defendant in error, that the plaintiff in error, sheriff of Sumter county, could have made the money on an execution which issued in favor of the defendant in error by due diligence.

From a bill of exceptions taken in the cause, it appears that the plaintiff in the suggestion had obtained a judgment against one Ryan, on which an execution issued, which was levied by the sheriff on certain property, and a forthcoming bond taken for its delivery. The forthcoming bond was returned forfeited, and an execution issued thereon against the defendants and the surety to the forthcoming bond. This execution the sheriff returned, "No property found;" and upon this execution the suggestion was made.

The plaintiff, having proved these facts, rested his case; and the sheriff declining to offer any testimony, the court charged

the jury, that the sheriff, having once levied on property sufficient to satisfy the execution, was bound to take undoubted security, and had the unrestrained right to judge of it; and if he took insufficient security, and suffered the property to go out of his hands, that would be such a want of diligence as to make him liable on the execution issued upon the forfeited bond.

To this the defendant excepted; and now assigns it for error.

INGE, for the plaintiff in error.
SMITH, *contra*.

ORMOND, J.—The charge of the court asserts, in effect, that where the surety upon a forthcoming bond proves insufficient, it is conclusive evidence against the sheriff that the money could have been made on the first execution by proper diligence.

The statute, [Clay's Digest, 215, § 74,] requires the sheriff to return the property, levied on by virtue of an execution, to the defendant, upon his executing a bond, with *good and sufficient security*, for the delivery of the property on the day of sale. The sheriff is, from the necessity of the case, made the judge of the sufficiency of the surety tendered; but it, by no means, follows, that he is responsible, at all events, to the plaintiff in execution if the surety proves insufficient. He may show that the surety, when received by him, was considered "good and sufficient," in the community in which he lived, for the debt he became bound for; and that, therefore, he had no right to refuse to receive him. The doctrine contended for, would convert the sheriff into an insurer, and make him, in effect, the surety of every "security" he received upon a delivery bond, If this were so, it would legitimately follow, that he must be the exclusive judge of the ability of the surety tendered, and might reject the most unquestionable security which could be offered. This would be utterly subversive of the rights of the defendant in execution, and would, in effect, be a virtual repeal of the statute requiring forthcoming bonds to be executed.

This view shows very satisfactorily, that the conclusion which the court required the jury to draw of want of diligence, from the fact of the insufficiency of the surety upon the forthcoming bond, was erroneous.

As the cause must be remanded, it is proper to inquire whether this motion can be maintained upon the facts disclosed.

The statute, under which this proceeding is had, [Clay's Dig. 218, § 85,] was evidently intended for those cases where the defendant in execution had property in possession which the sheriff omitted to subject to sale under the execution. The suggestion is, that the "money could have been made by the sheriff by due diligence." Can the inability of the surety to the forthcoming bond to pay, and the failure of the sheriff to collect the money from that cause, be attributed to a want of diligence on his part? To give this construction to the act, would not accord with the natural import of the language employed; nor would it be within the mischief which the act evidently intended to provide a remedy for, which was the omission to levy on property subject to the execution.

It never could have been presumed, that the sheriff would wantonly, and for the mere purpose of delaying the collection of the judgment, knowingly take insufficient surety to a forthcoming bond. The facts, in such cases, are, generally, *if not always*, that the sheriff acts upon insufficient, or incorrect information, and, in the hurry of business, does not make such inquiry as would have led to a knowledge of the condition of the surety. At all events, it was not considered by the Legislature such a flagrant dereliction of duty as to require the infliction of a summary penalty, as in the other cases provided by statute.

If a forthcoming bond is quashed for any defect which prevents its being operative as a statute bond, the sheriff is merely responsible to the party injured for damages. [Clay's Dig. 214, § 70.] And yet this would be a case in which the failure of the sheriff to make the money, on the first execution, would be much more owing to his negligence, than where he took insufficient security; and yet no summary remedy is given. We conclude, therefore, that none was intended to be given in such a case as the present; but the party was left to the more tardy, but equally certain redress afforded by the common law.

Let the judgment be reversed, and the cause be remanded.